UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| YOUNG KI YOON, Individually and as personal representative of Naeun Yoon, deceased, Sung Hee Yoon, individually, Yi Han Yoon, individually, Bo Han Yoon, individually, and Boeun Yoon, individually, | ) ) ) ) ) ) ) |
| Appellants, | ) |
| vs. | ) ) ) |
| JANE L. WAGNER, | ) ) |
| Appellee. | ) |

Case No. 05-2122

_____

**OPINION**
_____

This matter is before the court on appeal from a decision of the United States Bankruptcy Court for the Central District of Illinois.  The Bankruptcy Court dismissed Appellants' complaint to determine dischargeability in which Appellants alleged that a judgment entered against Appellee Jane Wagner in a Virginia state court wrongful death action was not dischargeable in bankruptcy.  This appeal followed.  For the reasons set forth below, the decision of the Bankruptcy Court is AFFIRMED.

FACTS

Jane Wagner filed a Chapter 7 Bankruptcy Petition on September 12, 2003.  At that time, Appellants had filed a lawsuit against Wagner for wrongful death in the Circuit Court of London County, Virginia.  The case centered around the death of Naeun Yoon, who was killed in a motor

vehicle accident involving Wagner in Virginia on March 8, 2000. The wrongful death case was initially stayed as a result of the bankruptcy proceeding, but the Bankruptcy Court lifted the stay for the limited purpose of allowing the wrongful death case to proceed.

Following a jury trial, the Virginia court entered a judgment in favor of Appellants and against Wagner in the amount of $1,923,843.78 on a negligence based count, and entered judgment in favor of Wagner on a count based on willful and wanton conduct. Appellants received $100,000 from Wagner's liability insurance carrier after the judgment.

On February 15, 2005, Appellants filed a complaint against Wagner in the Bankruptcy Court asserting that the judgment entered in the wrongful death case was not dischargeable in Wagner's bankruptcy proceeding. In Count I, Appellants asserted that the judgment constitutes a debt for death or personal injury caused by Wagner's unlawful operation of a vehicle while intoxicated pursuant to 11 U.S.C. § 523(a)(9). Count II alleged that the judgment constitutes a debt for willful and malicious injury by a debtor pursuant to 11 U.S.C. § 523(a)(6). Wagner filed a motion to dismiss alleging there was no factual basis to support the allegation in Count I that Wagner was intoxicated. Wagner further argued that the Virginia court's entry of judgment in favor of Wagner on the willful and wanton based count in the Virginia proceeding had a collateral estoppel effect with regard to the "willful and malicious" allegation in Count II of the complaint. Wagner submitted an affidavit with her motion to dismiss related to the allegation that she was intoxicated.

On April 21, 2005, the Bankruptcy Court entered an order dismissing both counts of Appellants' complaint. The Bankruptcy Court treated the motion to dismiss as a motion for summary judgment and found that there was no evidence to support the allegation that Wagner was intoxicated at the time of the accident and, therefore, dismissed Count I of the complaint. With

regard to Count II, the Bankruptcy Court found that Appellants had alleged no facts to demonstrate Wagner had an intent to injure them, and, regardless, collateral estoppel prevented Appellants from pursuing this claim. Appellants filed a timely notice of appeal from the Bankruptcy Court's decision.

## ANALYSIS

On appeal, the Bankruptcy Court's legal conclusions are reviewed under a *de novo* standard. Matter of Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994). The Bankruptcy Court dismissed the first count of Appellants' complaint which alleged that Wagner's debt was not dischargeable pursuant to § 523(a)(9) of the Bankruptcy Code, which provides an exemption from discharge "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." 11 U.S.C. § 523(a)(9). Wagner filed a motion to dismiss this count in the Bankruptcy Court, alleging that at no time in the Virginia state court action did Appellants ever suggest or offer evidence that Wagner was driving under the influence at the time of the accident. In response, Appellants neither submitted any evidence in support of their assertion that Wagner was intoxicated at the time of the accident, nor did they seek leave to conduct discovery on the issue.

The standard on a motion for summary judgment under Bankruptcy Rule 7056 is that summary judgment "must be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In re Kmart Corp., 293 B.R. 905, 908 (Bankr. N. D. Ill. 2003). Furthermore, "judgment as a matter of law is proper when a party fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." In re Kmart, 293 B.R. at 909. It is the creditors' burden to prove that the debtor was intoxicated at the time of the accident. Willison v. Race, 198 B.R. 740, 746 (Bankr. W.D. Mo. 1996).

In the instant case, Appellants presented no evidence to contradict Wagner's affidavit indicating there was no evidence presented in the Virginia state action to support a finding that she was intoxicated at the time of the accident. The affidavit further indicates that the police report relating to the accident contained no suggestion Wagner was intoxicated. Despite having the opportunity to present evidence in opposition to this affidavit, Appellants submitted no evidence nor did they seek the opportunity to conduct discovery on this issue before the Bankruptcy Court issued its decision. Therefore, this court concludes that the Bankruptcy Court did not err in granting summary judgment in favor of Wagner because no issue of material fact was presented regarding Wagner's intoxication.

The Bankruptcy Court also dismissed count II of Appellants' complaint, finding that the issue of whether the injuries inflicted as a result of the accident involving Wagner were willful and malicious is subject to the doctrine of collateral estoppel. The Bankruptcy Court made this finding because the Virginia state court struck Appellants' claim based upon willful and wanton conduct after hearing all of the evidence at trial. In order to establish collateral estoppel, the following criteria must be present: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue was litigated in the prior action; (3) the issue was in fact judicially determined in the prior action; and (4) the judgment in the prior action was dependent upon the determination made of the issue. In re Goldzweig, 65 B.R. 63, 68 (Bankr. N. D. Ill. 1985). "Where a state court determines factual questions using the same standards as the bankruptcy court would

use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments." Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir. 1987).

On appeal, Appellants argue that the Bankruptcy Court erred in finding the first element of collateral estoppel was met. Pursuant to § 523(a)(6) of the Bankruptcy Code, debts are not dischargeable if they result from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Under this section, Appellants must demonstrate: "(1) a willful and malicious act; (2) done without cause or excuse; (3) that leads to harm." In re Lampi, 152 B.R. 543, 545 (C. D. Ill. 1993). The term willful means "deliberate or intentional" and malicious means "an act done deliberately, knowingly, and without just cause or excuse." In re Lampi, 152 B.R. at 545. Merely proving that an act was intentional is insufficient under § 523(a)(6); rather, there must be an actual intent to cause injury. In re DeMarco, 240 B.R. 282, 288 (Bankr. N. D. Ill. 1999), citing Kawaauhau v. Geiger, 523 U.S. 57, 58 (1998).

While it is true that "the elements of a state court action are rarely identical to the burden placed upon a creditor seeking to deny discharge of a debt, especially under 11 U.S.C. § 523(a)(6) where both willfulness and maliciousness must be proven," In re Martinez, 110 B.R. 353, 355 (Bankr. N. D. Ill. 1990), the circumstances for collateral estoppel are appropriate in the instant case. Under Virginia law, to recover punitive damages a plaintiff must show willful or wanton conduct. Wallen v. Allen, 343 S.E.2d 73, 78 (Va. 1986). Willful or wanton conduct requires a "knowledge and consciousness that injury will result from the act done." Wallen, 343 S.E.2d at 78. Thus, the standard to establish willful and malicious conduct under the Bankruptcy Code is a higher one than Virginia's standard for willful and wanton conduct because the Bankruptcy code requires actual intent to cause injury whereas Virginia law requires only knowledge that injury will result.

-5-

Therefore, if Appellants were unable to sustain a claim under the lower Virginia law standard, they will not be able to sustain a claim under § 523(a)(6).

Appellants further argue that the Bankruptcy Court erred because it did not have the record of the state court proceeding before it when it made its collateral estoppel determination, instead relying on the order entered by the Virginia state court. However, Appellants make no assertion that the Virginia state court's judgment was based upon anything other than the evidence presented at trial. Appellants also rely heavily on the case of In re Ikner, 883 F.2d 986 (11th Cir. 1989). The court in Ikner affirmed the bankruptcy court in declining to apply collateral estoppel effect to an Alabama state court judgment which found the debtor's conduct to be "wanton." The court made this determination because the Alabama state court judgment could have been based on recklessness, which is not sufficient to make a finding of willfulness and maliciousness under § 523(a)(6). Ikner, 883 F.2d at 990. This case presents the opposite scenario, where a state court made a finding that Appellants could not meet the standard under Virginia state law, a standard lower than that of the Bankruptcy Code. Therefore, Appellants' reliance on Ikner is unavailing. Finally, Appellants cite to In re Martinez, 110 B.R. 353 (Bankr. N. D. Ill. 1990). However, Martinez held that a default judgment did not serve as a basis for collateral estoppel because the record did not demonstrate that the issue of malice was actually and necessarily litigated. Martinez, 110 B.R. at 355. Here, there is no allegation that the decision of Virginia state court was based on anything other than the merits of the claim. Accordingly, this court agrees with the Bankruptcy Court that Count II of Appellants' complaint should be dismissed.

IT IS THEREFORE ORDERED:

(1) The decision of the Bankruptcy Court is AFFIRMED.

(2) This case is terminated.

ENTERED this 28th day of December, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE